UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

THERESA KNIGHT,

        **Plaintiff,**

                                      **Case No:**
v.                                  **Circuit Court Case No: 2019-012122-CA-01**


EVERETT FINANCIAL, INC. d/b/a
SUPREME LENDING,

        **Defendant.**

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, EVERETT FINANCIAL, INC. d/b/a SUPREME LENDING (hereinafter "Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of the above-styled action filed by Plaintiff, THERESA KNIGHT (hereinafter "Plaintiff"), from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, to this Court.  Defendant submits the following short and plain statement of the grounds for removal, in accordance with 28 U.S.C. § 1446(a), which shows that removal is proper in this case:

1.      On April 22, 2019, Plaintiff filed a Complaint against Defendant in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.  (See Exhibit 1). The clerk of that court assigned Case Number 2019-012122-CA-01 to this action.

2.      Plaintiff has not served Defendant with a Summons and a copy of the Complaint.

3.      Plaintiff's Complaint purports to set forth two counts against Defendant for alleged violations of the Florida's Whistleblower Protection Act, Fla. Stat. §§448.101–105 ("FWPA"), and for breach of contract.  (Complaint ¶ 1).

4.      This Court has original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.  See 28 U.S.C. § 1332(a)(1).

5.      The amount in controversy in this action exceeds $75,000.00.  In the Complaint, Plaintiff alleges that "[t]his is an action for damages exceeding $15,000.00." (Complaint ¶ 1). That assertion places no limitation on the amount of damages Plaintiff seeks, and the remaining allegations regarding the relief sought in the Complaint establish that the amount in controversy exceeds $75,000.00.

6.      For the breach of contract claim, Plaintiff alleges that she is entitled to receive the following compensation:

> a. Salary in the amount of $5,000.00 for January 2019;
>
> b. Commissions of $12,922.50 for loans closed prior to termination;
>
> c. Commission of $6,972.84 for loans closed after termination; and
>
> d. An override payment of $5,000.00 for January 2019 loans.

(Complaint ¶¶ 29–30).  Plaintiff also demands "attorney's fees pursuant to Fla. Stat. §448.08." (Complaint ¶ 32).  Thus, the Complaint alone establishes at least $29,895.34 in damages for the breach of contract claim, along with pre-judgment interest and attorney's fees..

7.      Additionally, in a letter sent to Defendant dated April 22, 2019, which was the same date the Complaint was filed, Plaintiff claims that damages owed under the contract "are estimated to be approximately $50,000.00."  (See Exhibit 2 at 3).  It is well-established that this Court may consider a demand letter and its contents in determining whether the requisite jurisdictional amount in controversy has been satisfied.  See La Rocca v. Stahlheber, 676 F. Supp. 2d 1347 (S.D. Fla. 2009) (concluding that a pre-suit demand package stated sufficient

damages for defendant to meet its burden of establishing the requisite amount in controversy);

Katz v. J.C. Penney Corp., Inc., No. 09-CV-60067, 2009 WL 1532129, *3-6 (S.D. Fla. June 1,

2009) (holding that defendant met its burden of establishing the amount in controversy based on

information received from plaintiffs in a pre-suit demand package).  Without commenting on

whether Plaintiff could be successful in obtaining this relief, the letter is Plaintiff's assessment of

the specific damages to which she believes she is entitled and is seeking in this action.

Therefore, the letter quantifies that the amount in controversy for the breach of contract claim is

at least $50,000.00.   See Ericsson GE Mobile Commc'ns. Inc. v. Motorola Commc'ns. &

Electronics, Inc., 120 F. 3d 216, 21820 (11th Cir. 1997) (observing that the amount in

controversy is measured solely from a plaintiff's perspective).

   8. For the FWPA claim, Plaintiff's Complaint does not specifically identify the types

of damages sought.  (See Complaint at 6).  Instead, she alleges that she is entitled to "damages

together with prejudgment interest, attorney's fees and costs, and such other relief as the Court

may deem just, necessary and proper."  (Id.).  In addition, in Plaintiff's demand letter, she

explains that she will seek damages for lost pay; lost benefits; compensatory damages for

emotional distress, embarrassment, humiliation and loss of reputation; punitive damages; and

attorney's fees and costs.  (See Exhibit 2 at 3).  In determining the amount in controversy, all of

the different categories of relief sought by Plaintiff may be aggregated.  See Exxon Mobil Corp.

v. Allapattah Services, Inc., 545 U.S. 546, 585-86 (2005).

   9. Plaintiff's claim for back pay alone would establish more than $75,000.00 in

controversy.  Back pay is generally awarded between the date of separation and trial. See Munoz

v. Oceanside Resorts, Inc., 223 F.3d 1340, 1347 (11th Cir. 2000).  Plaintiff's Compensation

Agreement, which is attached as Exhibit A to the Complaint, shows that Plaintiff's base salary

was $60,000.00.  (See Complaint, Exhibit A at 1).   Plaintiff was also eligible for commissions and bonuses.  (See id. at 1–3).  According to Plaintiff's letter, Plaintiff "was on track to make as much as $500,000" in 2019, when she was terminated on January 30, 2019.  (Exhibit 2 at 3). Even with mitigation of her damages, in her demand letter, she calculated that her "economic damages projected over the next three (3) years are expected to be over a million dollars."  (Id.). Assuming the trial would take place one year from Plaintiff's termination date, Plaintiff's back pay claim would establish more than $500,000.00 in controversy.

10.      In addition, as set forth in her demand letter, Plaintiff seeks compensatory damages for "emotional distress, embarrassment, humiliation and loss of reputation." (Exhibit 2 at 3).  As a matter of law, garden variety emotional distress claims, where there is no evidence of physical or psychological injury, should not exceed the range of $5,000.00 to $30,000.00.  See Ernie Haire Ford, Inc. v. Atkinson, 64 So. 3d 131, 132-33 (Fla. 2d DCA 2011).

11.      Plaintiff's request for attorney's fees also must be considered in determining the amount in controversy, as the FWPA provides that attorney's fees are available.  See Fla. Stat. §§ 448.104; see also Federated Mutual Ins. Co. v. McKinnon Motors, LLC, 329 F. 3d 805, 808 n. 4 (11th Cir. 2003) (providing that attorney's fees can be considered in determining the amount in controversy when such award is provided by statute).

12.      As a result of the foregoing, the preponderance of the evidence establishes that the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.  Thus, Defendant has satisfied the amount in controversy requirement in 28 U.S.C. § 1332(a)(1).  See Kok v. Kadant Black Clawson, Inc., 274 F. App'x 856, 857 (11th Cir. 2008).[1]

---

[1] Where a plaintiff makes an unspecified demand for damages in state court, a removing defendant need only show by a preponderance of the evidence that the amount in controversy

4

13.     This action also is between citizens of different states.   According to the Complaint, Plaintiff is a citizen of Florida.[2]  (Complaint ¶ 4).  Defendant is a foreign corporation with its principal place of business in Dallas, Texas.  (Complaint ¶ 5).  Therefore, Defendant is a citizen of Texas, and there is diversity between the parties.  See 28 U.S.C. § 1332(c)(1).

14.     The foregoing establishes that this action is properly removable under 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441(a), which allows for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

15.     Venue is proper in this Court under 28 U.S.C. § 1391(b), 1441(a).

16.     A complete copy of all pleadings filed in the Circuit Court of the Eleventh Judicial Circuit has been filed simultaneously with this Notice of Removal.

17.     Defendant has provided written notice of the removal to Plaintiff, and, contemporaneously with this Notice, Defendant is filing the Notice of Filing Notice of Removal in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.  A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit 3.

18.     Defendant will respond to the Complaint in this Court in accordance with Rules 8, 12, and 81 of the Federal Rules of Civil Procedure.

19.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because Defendant has not been served with the Complaint.

WHEREFORE, Defendant respectfully requests that this Court assume jurisdiction over

---

"more likely than not" exceeds the jurisdictional requirement. See Roe v. Michelin N. Am., Inc., 613 F. 3d 1058, 1061 (11th Cir. 2010).

[2] Plaintiff alleges that she resides in Florida.  (Complaint ¶ 4).  Proof of residence is prima facie evidence of domicile, which is, in turn, required to be a citizen of a particular state.  Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1952).  As a result, Plaintiff's allegations establish, by a preponderance of the evidence, that she is a citizen of the state of Florida.

this matter for all further proceedings.

Dated this 10th day of May, 2019.

Respectfully submitted,

*/s/Gregory A. Hearing*
GREGORY A. HEARING
Florida Bar No.: 817790
gregory.hearing@gray-robinson.com
GRAYROBINSON, P.A.
401 East Jackson Street, Suite 2700
P.O. Box 3324
Tampa, Florida 33602 (33601-3324)
Telephone: (813) 273-5000
Facsimile: (813) 273-5145
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of May, 2019, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of

electronic filing to the following:

DANA M. GALLUP
Gallup Auerbach
4000 Hollywood Boulevard
Presidential Circle-Suite 265 South
Hollywood, Florida 33021
E-mail:dgallup@gallup-law.com
ATTORNEY FOR PLAINTIFF

*/s/Gregory A. Hearing*
Attorney

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
THERESA KNIGHT

**DEFENDANTS**
EVERETT FINANCIAL, INC. d/b/a SUPREME LENDING

**(b)** County of Residence of First Listed Plaintiff   Miami-Dade
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Dana M. Gallup, Gallup Auerbach, 4000 Hollywood Blvd. Presidential Circle-Suite 265 South, Hollywood, Florida 33021 (954) 894-3035

Attorneys *(If Known)*
Gregory A. Hearing, Esq., GrayRobinson, P.A., 401 East Jackson Street, Suite 2700, Tampa, FL 33602
813-273-5000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff
☐ 3   Federal Question   *(U.S. Government Not a Party)*
☐ 2   U.S. Government Defendant
☒ 4   Diversity   *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff* *(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | |
| | | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446(c), and Fla. Stat. § 448.102, et seq.
Brief description of cause:
Alleged violations under Florida Private Sector Whistleblower's Act, and breach of contract.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   5/10/19
SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____